IN THE COURT OF CRIMINAL APPEALS


OF TEXAS







PD-1889-05 


& PD-1890-05






GARY MARSHALL PALMER, Appellant



v.



THE STATE OF TEXAS






On Petitions for Discretionary Review of Cases


14-04-00044-CR & 14-04-00045-CR of the Fourteenth Court of Appeals


Harris County






 Womack, J., filed a dissenting opinion, in which Price and Johnson, JJ., joined.



 I repeat what I said for four members of the court in another case of a crying venire
member, when we "f[ou]nd no error because we defer to the trial court's seeing the jurors'
demeanors and hearing the jurors' voices."

 This is a venerable rule for reviewing credibility decisions, to which there
is little alternative in a close case. My question is, why permit close cases in
selecting jurors?

 When a court faces an issue of fact, it must rely on limited sources of
information. Only so many witnesses will have relevant information about a
contested issue of fact. When evidence conflicts, hard choices must be made. The
trial judge is the person whose decision must be respected. But there is ordinarily
no such need when it comes to deciding whether a citizen is qualified for jury
service. If the question is close, the juror can be sent away.

 We said exactly that a few years ago. We applied our harmless-error
standard to a line of cases in which we had held that judgments of conviction
would be reversed when a State's challenge for cause was erroneously granted. We
said, "By the standards of stare decisis, analysis of precedent, and logic, th[at]
holding  is unsupportable. It is also contrary to a policy which we think courts
should follow: the liberal granting of challenges for cause. The venire comprises
so many jurors who are clearly qualified that it is unnecessary to err by denying a
challenge for cause on a close question." Jones v. State, 982 S.W.2d 386, 394
(Tex. Cr. App. 1998).

 Maybe the trial court could see in Venire Member Hawkins's demeanor
and hear in her voice something that I cannot read in her words, that she could
excuse a murderer from the death penalty. But I do think that, when a potential
juror in a capital murder case is crying about the murder of her relative and thinks
that no one who has killed another should be allowed to live, we could ask our
trial judges to let her go to a court that is trying a theft case and bring in another
person for the murder trial. If [Ms. Hawkins] were an eyewitness to the crime, she
might well be irreplaceable. But as a juror, she easily could have been replaced. I
do not say that the trial judge's decision of this close question of fact was wrong.
But it was contrary to the policy that courts should follow.


Threadgill v. State, 146 S.W.3d 654, 674 (Tex. Cr. App. 2004) (concurring opinion).

 Trial courts should excuse prospective jurors who are brought to tears by memories of
similar crimes that affected them. There is no need for close calls.

 In Jones, we reevaluated our standards for harmless error in denying a defendant's
challenge for cause. We adopted a standard that led to affirming more convictions in which trial
courts committed such errors. We did so, in part, because this court embraced the policy of
liberal granting of challenges for cause. But we choose today not to carry out that policy when it
would lead to reversal. I would not renege on our opinion in Jones.

 I dissent.


Filed September 20, 2006.

Do Not Publish.